**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

---

No. 96-20567

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ALBERTO TOMAS YOUNGBLOOD,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas

(CR-H-95-250-ALL)

---

May 29, 1997

Before EMILIO M. GARZA, PARKER and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alberto Youngblood ("Youngblood") appeals his arson conviction, complaining of various points of error, among them that the district court's admission of evidence that he took a polygraph test was reversible error. For the following reasons, we affirm

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Youngblood's conviction and sentence.

## I.  FACTS AND PROCEDURAL HISTORY

In April 1995, an early morning fire destroyed an establishment, Willy's Pub, located in the student center at Rice University.  Other businesses in the student center were also damaged.  It was determined quite quickly that the cause of the fire was arson.

In August 1995, investigators received a tip that indicated that they should speak with Youngblood and an appointment was scheduled with Youngblood, a Rice student, for late September 1995, after the start of Rice's fall semester.

During the course of that interview appointment, Youngblood agreed to take a polygraph exam.  It took one hour for the polygraph examiner to arrive at the Houston Arson Bureau offices and the polygraph test took from two to two and a half hours to complete.

At some point after the polygraph test was administered, Youngblood admitted that he started the fire at Willy's Pub.  He wrote a confession and attached a diagram showing his entry into the student center and path to Willy's Pub.  The appointment began at 10:00 a.m. that day and it was 5:00 p.m. when Youngblood signed his confession and the investigators subsequently drove him back to the university.

Youngblood was charged in a one-count indictment with

violating the federal arson statute, 18 U.S.C. § 844(i), and was convicted following a trial. The district court sentenced Youngblood to 78 months in prison and three years of supervised release. Youngblood was also ordered to pay restitution in the amount of $2,402,265.10.

Youngblood now appeals to this court, arguing, *inter alia*, that the district court abused its discretion in admitting the fact that Youngblood took a polygraph test.

## II. DISCUSSION

### A.

Youngblood contends that it was reversible error for the district court to admit evidence that he took a polygraph test during the time that he was at the Houston Arson Bureau.

The Government argues that our prerequisites for the admission of polygraph evidence are not applicable here because the polygraph test results were not admitted for the purpose of demonstrating the test's results, but for the purpose of showing that Youngblood's confession was not coerced, as he asserted in his defense. The Government was attempting to rebut the defense's focus on the amount of time spent in the interview in its coercion argument by pointing out that three to three and a half hours were consumed by a polygraph test.

The district court allowed the admission of the fact that a polygraph test was administered merely to introduce the fact that

3

a polygraph took up to three and a half hours of the time that Youngblood spent at the Houston Arson Bureau offices. The district court did not allow the Government to introduce the results of the polygraph, nor did the district court admit any evidence showing the questions asked or the answers given in the polygraph examination.

Our concern centers on whether the Government abused the process in this case by seizing upon the defense's focus on the amount of time that Youngblood was in the company of investigators as a back-door means of conveying to the jury not only that Youngblood took a polygraph test but, by linking in time Youngblood's confession with the conclusion of the polygraph examination, also that he gave answers that the polygraph examiner considered to be inconsistent with the truth. The sequence of events that transpired after the administration of the test made it apparent to the jury that Youngblood had failed the test.

We have carefully reviewed the record and have concluded that the district court adequately protected the defendant's rights and that Youngblood suffered no prejudice from the procedure utilized in this case. The circumstance presented here is essentially indistinguishable from other instances in which district courts have permitted the introduction of polygraph evidence for a circumscribed purpose. *See Bennett v. City of Grand Prairie*, 883 F.2d 400, 405 & n. 10 (5th Cir. 1989) (noting that polygraph

4

results have been allowed at trial where testimony regarding the exam carefully limited) (citing cases); *United States v. Thevis*, 665 F.2d 616 (5th Cir. 1982) (polygraph admissible not for its truth but to demonstrate that defendant knew another person was cooperating with the Government); *United States v. Hall*, 805 F.2d 1410, 1416-17 (10th Cir. 1986) (detective's testimony regarding defendant's failure of polygraph admissible for limited purpose of explaining detective's failure to conduct more complete investigation); *United States v. Kampiles*, 609 F.2d 1233, 1244 (7th Cir. 1979) (acknowledging that had the defendant urged the argument that his confession was involuntary, the admission of the fact that the defendant failed his polygraph would have been admissible to demonstrate the voluntariness of the confession).

## B.  Youngblood's Other Points of Error

We have carefully reviewed the record and considered the parties' arguments regarding Youngblood's other claims.  We find his arguments to be without merit and affirm the district court.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM Youngblood's conviction and sentence.